ANNEX 1

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF COMPRESSUS, INC.

Effective as of this 29th day of March, 2015, pursuant to a special telephonic meeting on the same date, the board of directors (collectively, the "Board of Directors") of Compressus, Inc., a Delaware corporation (the "Corporation"), upon a motion duly made and acting pursuant to the Corporation's organizational documents, took the following actions and adopted the following resolutions:

**WHEREAS**, the Board of Directors of the Corporation has considered the liabilities and liquidity of the Corporation, the strategic alternatives available to the Corporation, and the impact of the foregoing on the Corporation's businesses;

**WHEREAS**, the Board of Directors has considered, among other things, the Corporation's liquidity, liabilities, and ability to meet its obligations as they come due;

**WHEREAS**, the Board of Directors has had the opportunity to consult with the Corporation's management and advisors to consider fully the strategic alternatives available to the Corporation;

**WHEREAS**, the Board of Directors has been presented with a proposed petition to be filed by the Corporation in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought; and

**WHEREAS**, the Board of Directors desires to approve the following resolutions.

### I. Voluntary Petition Under the Provisions of the Bankruptcy Code

**NOW THEREFORE, BE IT RESOLVED**, that the Board of Directors has determined that it is desirable and in the best interests of the Corporation, its stakeholders and other parties in interest, that the Corporation shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing a chapter 11 case for the Corporation (such voluntary chapter 11 case, the "Chapter 11 Case"); and be it further

**RESOLVED**, that John B. Macfarlane (the "Designated Person") is authorized, empowered, and directed to execute and file in the name and on behalf of the Corporation, and under its corporate seal or otherwise, all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all management action necessary, appropriate, desirable, or proper in connection with the Chapter 11 Case, including, without limitation, determining the date and time of the filing and any action necessary to maintain the ordinary course operation of the Corporation's business, including any actions necessary to retain any professionals deemed necessary (including, without limitation, Sheppard Mullin Richter & Hampton, LLP, as lead bankruptcy counsel, Gellert Scali Busenkell & Brown, LLC, as local Delaware counsel, and one or more financial advisory/firms to the

Corporation) to assist the Corporation in the Chapter 11 Case and in carrying out its duties under the provisions of the Bankruptcy Code. The Designated Person is also authorized and directed to certify these resolutions as the acting Secretary of the Corporation for such purpose.

## II. Retention of Advisors

**NOW THEREFORE, BE IT RESOLVED**, that subject to approval of the Bankruptcy Court, the law firm of Sheppard Mullin Richter & Hampton, LLP, be, and hereby is, employed as lead bankruptcy counsel to render legal services to, and represent, the Corporation in connection with the Chapter 11 Case and any other related matters in connection therewith, on such terms as the Designated Person shall approve; and be it further

**RESOLVED**, that subject to the approval of the Bankruptcy Court, Gellert Scali Busenkell and Brown, LLC, be, and hereby is, employed as local Delaware counsel to render legal services to, and represent, the Corporation in connection with the Chapter 11 Case and any other related matters in connection therewith, in cooperation with, and without duplication of the efforts of, Sheppard Mullin Richter & Hampton, LLP, on such terms as the Designated Person shall approve; and be it further

**RESOLVED**, that the Designated Person is hereby authorized, empowered and directed, on behalf of, and in the name of the Corporation, to retain a financial advisory/firm or such other professionals as the Designated Person deems appropriate during the course of the Chapter 11 Case.

## III. Further Actions and Prior Actions

**NOW THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of the Designated Officers and their designees shall be, and each of them hereby is, authorized, directed, and empowered, in the name of, and on behalf of, the Corporation and under its corporate seal or otherwise, to take or cause to be taken any and all such further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment shall be necessary, advisable, or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

**RESOLVED**, that all members of the Board of Directors of the Corporation have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or hereby waive any right to have received such notice.

## IV. General

**NOW THEREFORE, BE IT RESOLVED**, that in order to fully carry out the intent and effectuate the purposes of the foregoing resolutions, the Board of Directors and the Designated Person are hereby authorized to take all such further action, and to execute and deliver all such further instruments and documents in the name and on behalf of the Corporation, and under its corporate

seal or otherwise pay all such fees and expenses, which shall in his or her business judgment may be necessary, proper, or advisable.